IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL BERRY, #R49732,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-00892-SMY |
| ) | |
| **DOCTOR MYERS,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Berry, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendant Myers' refusal to treat his serious skin condition violated the Eighth Amendment. Plaintiff seeks declaratory and injunctive relief as well as monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff began suffering from a skin condition while he was a prisoner at Stateville Correctional Center[1] (Doc 1,

---

[1] Stateville officials' deliberate indifference to Plaintiff's skin condition is alleged in a separate pending action, *Berry v. Hoeft, et. al*, Case No. 20-cv-01340 (N.D. Ill. Feb. 24, 2020).

pp. 2-3). The skin over his entire body broke out, resulting in open wounds and scars. Plaintiff later found out that his condition is called hyperpigmented lesion.

After Plaintiff's transfer to Pinckneyville on September 25, 2019, he sought treatment from Defendant Myers, the prison doctor. Dr. Myers informed Plaintiff that his condition was untreatable, gave him no treatment, and refused his request for a referral to a dermatologist. However, Plaintiff learned that his condition is in fact treatable (Doc. 1, pp. 3, 8-9). As of the filing of the Complaint, Plaintiff has suffered with this condition for three years and has not received any treatment or a referral to a specialist while at Pinckneyville. (Doc. 1, p. 3).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Myers for failing to treat Plaintiff's serious skin condition or refer him to a specialist.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

### Count 1

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Deliberate indifference is implicated if a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Dr. Myers.

## Injunctive Relief

Because the Complaint includes a request for injunctive relief, the Warden of Pinckneyville Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as s/he would be responsible for ensuring that any injunctive relief would be carried out).

## Pending Motion

Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Here, Plaintiff has not established any efforts made to obtain counsel on his own; he merely notes that counsel was recruited for him in his pending Northern District case. Moreover, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. S*ee Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").

Should Plaintiff encounter difficulties in self-representation as this case proceeds, he may

refile his motion seeking recruitment of counsel. If he renews his request, he should submit at least 3 rejection letters from attorneys to show that he has made reasonable efforts to obtain counsel on his own.

## Disposition

The Complaint states a colorable claim in Count 1 against Dr. Myers. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Pinckneyville Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Dr. Myers and the Warden of Pinckneyville Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  August 17, 2023**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to

wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.